IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-00903-SKC

D.R.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

## OPINION & ORDER

---

This action is before the Court under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff D.R.'s[1] application for supplemental security income benefits (SSI). The parties have consented to the Magistrate Judge's jurisdiction. Dkt 12.[2]

The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. The Court

---

[1] This Opinion & Order identifies Plaintiff by initials only per D.C.COLO.LAPR 5.2.

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 11.

1

AFFIRMS the Final Decision because it is not constitutionally defective, the RFC properly accounts for the mental health limitations found by the ALJ, and although the ALJ erred at Step Four, the error is harmless because of her alternative findings at Step Five.

## BACKGROUND

In January 2017, Plaintiff filed a Title II application for disability insurance benefits (DIB) under the Social Security Act claiming she became disabled beginning August 24, 2010. She also filed a Title XVI application for supplemental security income. After her original application was processed through to the Appeals Council, in January 2019, the Appeals Council remanded the matter with further direction to the Administrative Law Judge. Plaintiff then appeared and testified at an administrative hearing on May 5, 2020, before Administrative Law Judge Jennifer B. Millington (ALJ). Attorney Richard Sans Soucy represented Plaintiff.

At the hearing, Plaintiff amended her alleged onset date to January 1, 2017, which disqualified her from receiving DIB benefits under Title II. Through counsel, she requested to withdraw her request for a hearing as it pertained to her original request for DIB benefits. The ALJ accepted Plaintiff's request, dismissed her claim for benefits under Title II, and held the hearing solely on Plaintiff's request for SSI benefits under Title XVI. Dkt. 11-2 at pp.88-89.

The ALJ issued her written Decision on August 12, 2020. Dkt. 11-2. She determined Plaintiff had not been under a disability from the amended onset date of

January 1, 2017, through the date of her Decision. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

## SSI FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-

00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920;[3] *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in Steps One through Four. The Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ followed the five-step process in her Decision. At Step One, she found Plaintiff had not engaged in substantial gainful activity since the amended onset date of January 1, 2017. AR: 90. At Step Two, she found Plaintiff has the following severe impairments: schizoaffective disorder; alcohol abuse; tardive dyskinesia; amphetamine-induced psychotic disorder with hallucinations; psychotic disorder; panic attacks; and personality disorder.[4] *Id.* At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 92. She then found Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the

---

[4] She also found Plaintiff had additional medically determinable impairments, but that there was no record support that these impairments caused more than a minimal effect on Plaintiff's ability to perform work-related activities. AR: 90.

5

claimant can perform simple, unskilled work that does not involve any work interactions with the public." *Id.* at 93.

At Steps Four and Five, the ALJ found Plaintiff was capable of performing her past relevant work as a Car Porter, and also that there are other jobs that exist in significant numbers in the national economy that Plaintiff can also perform. *Id.* at 98. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period. *Id.* at 100.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's

> review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").

A court may not reverse an ALJ just because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . . Although the evidence may also have supported contrary findings,

we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff makes three arguments in this appeal: (1) the Final Decision is constitutionally defective; (2) the ALJ failed to account for each of Plaintiff's mental health limitations in the RFC; and (3) the ALJ's determination at Step Four that Plaintiff could return to her past work as a Car Porter is not supported by substantial evidence.

### 1.  The Final Decision is Not Constitutionally Defective

Citing *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), Plaintiff argues the Final Decision is constitutionally defective because 42 U.S.C. § 902(a)(3) limits the President's authority to remove the Commissioner of Social Security without cause.

Defendant concedes that § 902(a)(3) is unconstitutional. But nevertheless, the Court gives little credence to Plaintiff's argument.

Even assuming the removal restriction is unconstitutional, Plaintiff has adduced no evidence showing the removal restriction had any bearing on the Final Decision and the denial of her claim. *See C.L.D. v. Kijakazi*, No. 21-cv-02216-NYW, 2022 WL 4448481, at *6 (D. Colo. Sept. 23, 2022) (observing that the unlawfulness of the removal provision does not strip the Commissioner of the power to undertake the responsibilities of the office, and further, finding the unconstitutional removal provision had no causal nexus to the resolution of the plaintiff's appeal) (citing cases); *Kotellos v. Kijakazi*, No. 21-cv-01032-RM, 2022 WL 3212928, at *3 (D. Colo. Aug. 9, 2022) ("[E]ven if Plaintiff is correct that the removal restriction is unconstitutional . . . it does not follow that the decision in her case is invalid . . . Plaintiff has identified no logical nexus between the removal restriction and the denial of her claim. She has not shown the removal restriction inflicted compensable harm on her or even bothered to respond to Defendant's argument that such a showing is necessary."); *B.Z. v. Kijakazi*, No. 21-cv-01087-REB, 2022 WL 179335, at *4 (D. Colo. Jan. 20, 2022) ("Accordingly, plaintiff is not entitled to relief unless she can show the unconstitutional removal provision itself caused her compensable harm . . . . For this reason, his constitutional arguments do not warrant remand for further hearing.").

Given the plethora of persuasive authority in this district, and Plaintiff's failure to connect the denial of her claim to the unconstitutional removal restriction,

8

there is simply no basis for remand under the circumstances of this case based on the admitted unconstitutionality of § 902(a)(3).

## 2. Accounting for Plaintiff's Mental Health Limitations in the RFC

### a. Plaintiff's Co-worker and Supervisor Interactions

In relevant part, the RFC limits Plaintiff to "simple, unskilled work that does not involve any work interactions with the public." AR: 93. Plaintiff argues these limitations are insufficient. She claims the ALJ "determined throughout her decision that [Plaintiff's] ability to interact with others was moderately impaired [but] [s]he does not at any point differentiate why [Plaintiff] would be prohibited from working with the public due to this impairment but not coworkers or supervisors." Dkt. 15 at p.12. She also argues no substantial evidence supports the ALJ's conclusion to limit Plaintiff's public interactions at work without also limiting her co-worker and supervisor interactions. And finally, she argues the ALJ failed to account for Plaintiff's moderate inability to understand, remember, or apply information.

As concerns the lack of any limitations on Plaintiff's co-worker and supervisor interactions, the Court agrees with Defendant. The ALJ specifically addressed Plaintiff's interactions with co-workers and supervisors when discussing the opinion of state agency psychologist, Mark Suyeishi, Psy.D. Dr. Suyeishi indicated Plaintiff was moderately limited in her ability to interact appropriately with the public and was not significantly limited in her ability to accept instructions and respond appropriately to criticism from supervisors or in her ability to get along with co-

workers or peers. AR: 97, 192-93 ("Clmt reports no difficulty getting along with coworkers or supervisors. However, she has expressed concern about being around the general public."). The ALJ went on to "accept[]Dr. Suyeishi's conclusion that the claimant is unable to work with the public but is able to work with supervisors and coworkers." *Id.* at 97. Including Dr. Suyeishi's opinions, substantial evidence in the record supports this conclusion. *See, e.g.,* AR: 475 (Plaintiff's self-report that she got along "well" with authority figures, to include bosses).

Plaintiff's argument—that the ALJ "determined throughout her decision that [Plaintiff's] ability to interact with others was moderately impaired"—fails to account for the distinction made by the ALJ between Plaintiff's public and internal-workplace interactions based on her accepting Dr. Suyeishi's conclusions. The ALJ gave greater weight to these opinions because they were consistent with Plaintiff's self-reports and demonstrated abilities. AR: 97; *see also* AR: 475.

As a result, because the ALJ determined Plaintiff was able to work with supervisors and co-workers, there was no need for the RFC to account for limitations associated with Plaintiffs co-worker and supervisor interactions. And substantial evidence in the record supports the ALJ's conclusion.

### b. Plaintiff's Moderate Inability to Understand, Remember, or Apply Information

Plaintiff argues the RFC fails to account for her moderate limitations in her ability to understand, remember, or apply information. She argues these limitations are not discussed in any detail in the Final Decision, and there is no explanation as

10

to why further limitations are not included in the RFC or any evidence to support how simply limiting Plaintiff to unskilled work would properly reflect her impairment.

An ALJ is not required to repeat moderate limitations in an RFC, but rather, may incorporate those limitations with the restrictions placed on the claimant's work activity. *McGregor v. Saul*, No. CIV-19-496-SM, 2019 WL 7116110, at *3 (W.D. Okla. Dec. 23, 2019). In the Tenth Circuit, "an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity." *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he [ALJ] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [RFC] by limiting [the claimant] to unskilled work.")).

For example, in *Lee v. Colvin*, the Tenth Circuit determined an ALJ did not err by failing to include certain moderate limitations assessed by an expert whose opinions the ALJ gave great weight. *Lee v. Colvin*, 631 F. App'x 538, 541-42 (10th Cir. 2015). This was because the RFC reflected those moderate limitations and were incorporated therein. *Id.* Similarly, in *Smith*, the Tenth Circuit found the RFC incorporated the claimant's moderate nonexertional impairments even though the RFC did not specifically reference them. *Smith*, 821 F.3d at 1268-69.

The ALJ here did the same. Her RFC assessment limits Plaintiff to unskilled work. Unskilled work "generally requires only the following: (1) '[u]nderstanding,

11

remembering, and carrying out simple instructions'; (2) '[m]aking judgments that are commensurate with the functions of unskilled work—*i.e.*, simple work-related decisions'; (3) '[r]esponding appropriately to supervision, co-workers and usual work situations'; and (4) '[d]ealing with changes in a routine work setting.'" *Vigil*, 805 F.3d at 1204 (citing SSR 96–9p, 1996 WL 374185, at *9 (July 2, 1996)). The ALJ further limited Plaintiff's unskilled work by stating in the RFC that Plaintiff "can perform *simple*, unskilled work." AR: 93 (emphasis added). These limitations of simple, unskilled work, properly account for Plaintiff's moderate limitations in her ability to understand, remember, and apply information. *See Harry v. Berryhill*, No. 18-cv-02322-KLM, 2019 WL 4667996, at *10 (D. Colo. Sept. 25, 2019) ("The Tenth Circuit has stated that it is an acceptable approach for an ALJ to account for mental limitations 'by limiting claimant to particular kinds of work activity.'").

The Court finds no error here. The ALJ properly accounted for Plaintiff's moderate limitations in her ability to understand, remember, or apply information by limiting Plaintiff's RFC to simple and unskilled work activity.

### 3. The ALJ's Determination that Plaintiff Could Return to Past Work as a Car Porter

The ALJ found Plaintiff "is capable of performing past relevant work as a Car Porter. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965)." AR: 98. Plaintiff argues this finding is not supported by substantial evidence, and also, it conflicts with the RFC's limitation on Plaintiff's contact with the public because the

12

job "clearly contemplates interaction with the public." Dkt. 15 at p.14 (citing DOT § 915.687-022).

Step Four requires the ALJ to consider three factors when evaluating a plaintiff's past relevant work. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008); *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ must consider the plaintiff's physical and mental RFC. *Winfrey*, 92 F.3d at 1023. Second, the ALJ must make findings regarding the physical and mental demands of the plaintiff's past relevant work. *Id.* And third, the ALJ must determine whether the physical and mental demands of the past relevant work conflicts with the limitations contained in the RFC. *Id.; see also Lasater v. Astrue*, No. CV 09-429 WDS, 2010 WL 11619157, at *3 (D.N.M. Sept. 10, 2010).

The Court finds the ALJ erred in this analysis. The second factor required the ALJ to make findings concerning the physical and mental demands of Plaintiff's past relevant work. But it appears the ALJ missed that step. While the ALJ wrote, "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed[,]" she failed to express her findings of the physical and mental demands of Plaintiff's past relevant work as actually performed, or at all. *See Bukacek v. Colvin*, No. CIV-13-1058-HE, 2014 WL 5795806, at *5 (W.D. Okla. Nov. 6, 2014) (ALJ made no findings regarding the mental and physical demands of plaintiff's previous job as trash collector); *Lasater*, 2010 WL 11619157, at *3 (ALJ failed to

13

develop the record concerning plaintiff's past relevant work). And without these findings, the ALJ was unable to appropriately make the requisite findings under the third factor in the Step Four analysis. *Winfrey*, 92 F.3d 1024-25 ("Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the ... demands of his past relevant work despite his ... impairments.").

But, despite erring in her Step Four analysis, the ALJ went on to make alternative findings at Step Five, concluding Plaintiff could perform other jobs existing in significant numbers in the national economy. AR: 98-100. This renders any error at Step Four harmless. *Jones v. Berryhill*, 720 F. App'x 457, 459 (10th Cir. 2017) ("We conclude that any error in the ALJ's step-four finding was harmless given the ALJ's alternative finding at step five that Jones could work as a dishwasher."); *Murrell v. Shalala*, 43 F.3d 1388, 1389-90 (10th Cir. 1994) (affirming step-five finding despite alleged errors at step four). And Plaintiff does not argue any error by the ALJ at Step Five, thus waiving that issue. *See, e.g., See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Franklin Sav. Corp. v. U.S.*, 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived).

\* \* \*

For the reasons shared above, the Court is satisfied the ALJ considered all relevant facts, and the record contains substantial evidence from which the

14

Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Title XVI.

IT IS ORDERED the Commissioner's Final Decision is AFFIRMED, and this civil action is DISMISSED, each party to pay their own fees and costs.

DATED: October 26, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge